IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHANE HARRINGTON and MIDWEST GIRLS CLUB,<br><br>Plaintiffs,<br><br>vs.<br><br>HOBERT RUPE, et al.,<br><br>Defendants. | 4:15-CV-3158<br><br><br>ORDER |

      This matter is before the Court on the plaintiffs' "Complaint and Request for Temporary Restraining Order and Preliminary Injunction" (filing 1). To the extent that this document is intended to be a motion for a temporary restraining order, the motion is denied.

      Briefly summarized, the document alleges that the plaintiffs operate a club in Hastings, Nebraska that, at least in part, features adult entertainment. Filing 1 at 14. The plaintiffs allege that the defendant newspaper Grand Island Independent has published defamatory articles about the plaintiffs. Filing 1 at 2–3. The plaintiffs assert several federal constitutional and state law claims against the newspaper, companies that allegedly own the newspaper, the alleged authors of the articles, individuals allegedly quoted in the articles, and various other defendants who allegedly conspired in a scheme to defame and otherwise discriminate against the plaintiffs. Filing 1 at 2–12. And, most pertinently, the plaintiffs demand a temporary restraining order enjoining the defendants from prosecuting plaintiffs or entering their property. Filing 1 at 33.

      But to the extent that the plaintiffs are moving for a temporary restraining order, that motion displays a basic disregard for the relevant Rules of Civil Procedure. The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Neither requirement is met here.

The burden of establishing the necessity of a temporary restraining order is on the movant. *Baker Electric Co-op., Inc. v. Chaske,* 28 F.3d 1466, 1472 (8th Cir. 1994); *Modern Computer Systems, Inc. v. Modern Banking Systems, Inc.,* 871 F.2d 734, 737 (8th Cir. 1989) (en banc); *Bennett v. Guardian Real Estate, L.L.C.,* No. 8:07CV345, 2007 WL 2688646, at *2 (D. Neb. Sept. 10, 2007). But the plaintiffs have presented no competent evidence of the facts allegedly supporting issuance of a temporary restraining order. The complaint is not verified: it is electronically signed by one of the plaintiffs' lawyers. The plaintiffs' evidence is not authenticated in any way, and the only affidavit in the record sets forth none of the facts relating to the plaintiffs' alleged injury in this case. *See*, filings 2 and 2-9. Accordingly, there is no competent evidence before the Court, in the form required by Rule 65(b)(1)(A), upon which the Court could base its order. *See*, *Jenkins v. Winter,* 540 F.3d 742, 747 (8th Cir. 2008); *Tweeton v. Frandrup,* 287 F. App'x 541, 541 (8th Cir. 2008); *Elder-Keep v. Aksamit,* 460 F.3d 979, 984 (8th Cir. 2006); *Schneider v. Chertoff,* 245 F.R.D. 422, 424 (D. Neb. 2007).

Nor have the plaintiffs provided any basis for the Court to rule without notice to the defendants. It is well-established under federal law that a temporary restraining order is an emergency remedy which should be issued only in exceptional circumstances. *Zidon v. Pickrell,* 338 F. Supp. 2d 1093, 1094-95 (D.N.D. 2004). Nothing in the complaint, or any separate document, supports the burden assigned to the movant's attorney to certify his efforts to notify the defendants, or articulate any reason why notice should not be required. Simply put, the Court cannot and should not issue a restraining order without notice to the party being restrained without a good reason for doing so. The plaintiffs have not provided one.

In the absence of any evidence, or any supported basis for acting *ex parte*, the Court has neither any authority nor any justification for issuing a temporary restraining order. Accordingly, the plaintiffs' motion for a temporary restraining order is denied.

IT IS SO ORDERED.

Dated this 22nd day of December, 2015.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge