IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHANE HARRINGTON and MIDWEST GIRLS CLUB,<br><br>Plaintiffs,<br><br>vs.<br><br>HOBERT RUPE, et al.,<br><br>Defendants. | 4:15-CV-3158<br><br>ORDER |

This matter is before the Court on the plaintiffs' motion for temporary restraining order and preliminary injunction (filing 48). For the reasons stated below, the Court will deny the plaintiffs' motion for temporary restraining order. The Court will rule on the plaintiffs' motion for preliminary injunction after the defendants have had the opportunity to fully brief its merits.

Briefly summarized, the plaintiffs' motion alleges that the plaintiffs operate a club, the "Midwest Girls Club" ("MGC"), in Hastings, Nebraska. Filing 49 at 2. According to the plaintiffs, the club operates as a private membership club, and allows patrons to bring their own beer to the club. *See* filing 49 at 5. The plaintiffs allege that on December 17, 2015, the defendant Grand Island Independent published an article in which defendant Hobert Rupe stated that the plaintiffs' business plan is illegal. Filing 49 at 2. According to the plaintiffs, this article was defamatory and caused reputational harm that "scared awa[y] unknown hundreds or even thousands of people from joining MGC and attending MGC events." Filing 49 at 4. The plaintiffs' request a temporary restraining order or a preliminary injunction ordering the Grand Island Independent to refrain from republishing the article, and to issue a retraction of the article. Filing 49 at 15. To the extent that the plaintiffs are moving for a temporary restraining order, that motion is denied.

When deciding whether to issue a temporary restraining order, the Court turns to the four *Dataphase* factors: (1) the probability that the movant will succeed on the merits; (2) the threat of irreparable harm to the movant; (3) the state of the balance between this harm and the injury that granting the injunction will inflict on the nonmovant and other parties; and (4) the public interest. *Roudachevski v. All–American Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114

(8th Cir. 1981) (en banc)). A temporary restraining order is an extraordinary remedy, and the movant bears the burden of establishing its propriety. *Id.*; *see Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70,* 415 U.S. 423, 439 (1974) ("[O]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.").

Here, the plaintiffs have not established that they will suffer irreparable harm if the temporary restraining order is not granted. The newspaper article complained of was published on December 17, 2015—more than a month before the plaintiffs filed the present motion. *See* filing 49 at 2. It is evident from Fed. R. Civ. P. 65 that temporary restraining orders are designed to act as stopgaps in emergency situations where there is no time for a full hearing before immediate, irreparable harm occurs. The plaintiffs have made no showing as to why an article published a month ago warrants that "extraordinary remedy" here. *See Roudachevski,* 648 F.3d at 705.

To the extent the plaintiffs move for a preliminary injunction, the Court will consider that motion after permitting the defendants to fully brief its merits, if any. Several of the defendants have moved the Court to set a hearing, or in the alternative, establish a briefing schedule: the Court will set a briefing schedule, and will consider whether a hearing on the motion is required after the motion is fully briefed. The defendants may respond to the motion for preliminary injunction on or before February 5, 2016. The plaintiffs may reply on or before February 15, 2016.

IT IS ORDERED:

1. The plaintiffs' request for a temporary restraining order is denied.

2. The defendants' motion to set a hearing or briefing schedule (filing 51) is granted in part and in part denied.

3. The defendants may respond to the plaintiffs' motion for a preliminary injunction on or before February 5, 2016.

4. The plaintiffs may reply in support of their motion on or before February 15, 2016.

Dated this 19th day of January, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge